UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No. 04-CR-250

ADAM E. DAVIS,

    Defendant.

## ORDER DENYING MOTION FOR NEW TRIAL

Pro se defendant Adam E. Davis has moved for a new trial pursuant to Fed. R. Crim. P. 33. Davis seeks a new trial on the following grounds: (1) New-found proof that Robert Wilken, Jr., a key witness for the Government, perjured himself; (2) Proof that Assistant United States Attorney Scott Campbell knew he was offering perjured testimony before a jury; (3) Failure of the Government to comply with the Local Rule requiring that transcripts of Grand Jury testimony be produced at least one business day before trial; (4) Special Agent Daniel Hargrave's failure to compare the handwritten notes of Special Agent Robert Herndon with his typed report as he claimed to have, thereby interfering with the Brady Rule; (5) the Government's withholding of discovery, specifically, records relating to a telephone conversation between Adam Davis, Assistant U.S. Attorney Scott Campbell, and FBI Agent Robert Herndon; (6) Failure of the Government to produce Special Agent Dave Parker's FBI personnel file; and (7) Special Agent David Parker lied under oath when he denied that he had gone back to his office after interviewing Davis and laughed about Davis' claim that he had received $110,000 for kitchen design.

In order for newly discovered evidence to warrant a new trial, a defendant "must show that the evidence (1) came to [his] knowledge only after trial; (2) could not have been discovered sooner had defendant[] exercised due diligence; (3) is material, and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a retrial." *United States v. Nero*, 733 F.2d 1197, 1202 (7th Cir.1984) (*quoting United States v. Oliver*, 683 F.2d 224, 228 (7th Cir.1982)). The standard for granting a new trial based on a claim of false testimony is more specific. To warrant relief based on a claim of perjured testimony, the defendant must establish that (a) ". . . the testimony given by a material witness is false; (b) . . . the jury might have reached a different conclusion; and (c) . . . the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial." *Nero*, 733 F.2d at 1202 (*quoting Larrison v. United States*, 24 F.2d 82 (7th Cir.1928)). Davis' motion fails under either standard.

Davis offers no evidence in support of his allegation that Robert Wilken, Jr. gave false testimony. His own mere allegation is not sufficient to show perjury. The fact that his version of the facts is different from Wilken's does not mean the Wilken committed perjury. Conclusory allegations are not sufficient to justify granting a new trial. *See United States, ex rel. Darcy v. Handy*, 351 U.S. 454, 462 (1956). Davis' motion fails to identify what testimony of Wilken was allegedly false, or even the basis upon which such an allegation can be made. As such, it does not warrant the relief he seeks.

The same conclusion applies to Davis' allegation that the Assistant United States Attorney who prosecuted the case knew he was offering perjured testimony before a jury. Davis offers nothing but a conclusory allegation to support his claim. In other words, he specifically fails to

2

identify the testimony that he claims was perjured or the basis upon which his allegation is made. Under these circumstances, no relief can be granted.

With respect to his third ground, the failure of the Government to provide him copies of the Grand Jury testimony of Wilken at least one business day before trial in accordance with the Local Rules, Davis fails to indicate how he was prejudiced by such conduct. As the Government explained during trial, Wilken had testified on two separate occasions before the Grand Jury. The Government inadvertently failed to obtain a transcript for Wilken's second appearance before the Grand Jury. However, the Government moved quickly to obtain a copy of the transcript and provide it to Wilken on the night before Wilken testified. Davis had the opportunity to read both transcripts, neither of which are lengthy, on the night prior to his examination of Wilken. He did not request a delay in the trial, nor did he indicate at any time prior to the return of the verdict that the delay in providing this material was unfair. Even to this day, Davis fails to identify any area of Wilken's testimony that could have been more effectively countered had he obtained the transcripts of the Grand Jury testimony earlier. Under these circumstances, I find no prejudice to Davis and conclude he is not entitled to a new trial on that basis.

Davis' fourth ground, namely that Special Agent Hargraves failed to look over and compare FBI Special Agent Robert Herndon's hand written report with his typed report is similarly without merit. Davis himself was provided with copies of both the typed report and the hand written notes. He was free to cross-examine Special Agent Herndon on the basis of both documents and attempted to do so. Whether or not Special Agent Hargraves compared the two is of no consequence. Accordingly, Davis is not entitled to relief on this ground.

3

Case 1:04-cr-00250-WCG   Filed 05/25/05   Page 3 of 5   Document 76

Davis' fifth ground is that the government withheld discovery that was pertinent to the case. He claims that he should have been provided records showing phone conversations between himself, Prosecuting Attorney Scott Campbell, and FBI Agent Robert Herndon. This was at most, a tangential issue in the case and would not under any circumstances warrant a new trial. My own recollection of the testimony is that the prosecutor conceded that he had talked with Davis and with Special Agent Herndon on the telephone regarding discovery requests. Whether or not he misspoke earlier in response to a discovery request is simply of no consequence. Having listened to the testimony, I am confident that the issue could not have had any bearing on the outcome of the trial. Accordingly, no relief can be granted on this basis.

Davis' allegation that the Government failed to provide him with Special Agent Parker's personnel file and therefore violated its obligation to provide exculpatory evidence is simply without merit. Assistant United States Attorney Scott Campbell advised both the Court and David prior to the trial that the file for Agent Parker, who had since the investigation retired, could not be located. Davis was advised that he was free to inquire of Agent Parker concerning possible *Giglio* material on cross-examination. He has failed to show that any such material existed with respect to Special Agent Parker and thus has failed to demonstrate any prejudice.

Finally, with respect to Davis' claim that Agent Parker perjured himself in denying that he had returned to his office after interviewing Davis and laughed about his claim that he received $110,000 for providing kitchen design advice, this matter was explored fully at trial. It is true that Agent Parker's testimony appeared in conflict that of Agent Weiderhold, but given the passage of time, it is too strong to claim that the inconsistency amounts to perjury. More importantly, Agent Parker's reaction to Davis' story is simply not material to the issues of the case. Davis was free to

4

argue to the jury that it showed either a sloppiness or lack of credibility on the part of the FBI agents. But there has been no showing sufficient to warrant a new trial.

In sum, none of the grounds asserted by Davis warrant a new trial. Accordingly, his motion must be denied.

**IT IS THEREFORE ORDERED** that Davis' motion for a new trial (Docket 65) is **denied**.

Dated this   24th   day of May, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
